## Wilson et al. v. Konita et al.

*High, Swartz, Flynn & Roberts*, for plaintiffs.

*Maxwell Strawbridge* and *Harry M. Sablosky*, for Upper Merion Township.

*Smillie & Bean*, for Swedeland Volunteer Fire Co.

DANNEHOWER, J., March 23, 1948.—In this action in trespass plaintiffs seek to recover damages alleged to have resulted from a collision between the automobile owned by Robert P. Wilson and operated by his daughter, Lois R. Wilson, with an automobile owned by Joseph Konita and operated by John Konita. As set forth in the complaint, the collision occurred under the following circumstances: The Wilson car, in which all plaintiffs were riding, was proceeding north on Crooked Lane near its intersection with Church Road, in Upper Merion Township, this county. At the same time, John Konita was operating Joseph Konita's car west on Church Road near the same intersection. He was a member of the Swedeland Volunteer Fire Company No. 1, and at the time was going to a fire to which the members of the company had been summoned. When the cars reached the intersection, a collision occurred, causing injuries to plaintiffs and damage to the Wilson car. The complaint alleges that *Joseph* Konita was negligent in various respects in the operation of his car.

Each defendant filed separate preliminary objec-

tions to the complaint. These objections are based on the following reasons:

1. The caption fails to set forth the form of the action as required by Pa. R. C. P. 1018.

2. The surname of the individual defendants is Kontra, instead of Konita, as set forth in the complaint.

3. While the complaint alleges that John was operating an automobile belonging to Joseph, there is no averment that John was the agent or servant of Joseph so as to warrant the joinder of Joseph as a defendant.

4. The complaint alleges no negligence on the part of defendant John.

5. No facts are alleged in the complaint to show that plaintiffs were free from contributory negligence.

6. No facts showing actionable negligence on the part of the Swedeland Volunteer Fire Company No. 1 are alleged.

7. The complaint discloses that the Kontra car was privately owned, and not a motor vehicle "belonging to or used by" the fire company, and is therefore legally insufficient to show a cause of action against either the fire company or the township.

8. The complaint is legally insufficient as to defendant township, because it is not averred that John Kontra was the agent, servant or employe of the township.

The first five objections enumerated above can be disposed of without difficulty.

1. The caption should set forth the form of action to comply with Pa. R. C. P. 1018. This was obviously an inadvertent omission and can readily be cured by an amendment to the complaint. However, it does not appear that defendants have been misled or prejudiced by the omission, as a summons in trespass had previously been issued and served.

2. It seems agreed that the complaint is erroneous

in the spelling of the surname of the individual defendants. This error has been cured by stipulation and the correct names will appear in an amended complaint.

3. As to the liability of Joseph Kontra, plaintiffs concede that they cannot honestly allege or adequately prove that John was the agent of Joseph at the time in question, and agree that Joseph, the owner of the car, may be eliminated as a defendant. Counsel has agreed that the amended complaint will cover this defect.

4. While the complaint alleges numerous respects in which *Joseph* Kontra was negligent, nothing is averred with regard to negligence on the part of John Kontra, the operator. This is probably another inadvertent error, which may be corrected by amending the complaint.

5. While a complaint would be defective if it averred facts which disclosed or raised an implication of negligence on the part of plaintiff, however, "in the absence of anything in his statement which suggests an implication of his own negligence, the plaintiff in such an action is not required to aver or prove that he, the plaintiff, was not guilty of contributory negligence": 3 Standard Pa. Practice, 428-429, §196. Thus, this objection is without merit.

The sixth, seventh and eighth enumerated reasons raise more substantial questions requiring more detailed consideration. They may, however, be considered as presenting the two simple questions of whether the fire company or the township may be held liable under the facts alleged in the complaint.

The only allegations in the complaint concerning the fire company and township defendants are as follows: "John Konita is a member of the Swedeland Volunteer Fire Co. No. 1, which is the voluntary fire company of Swedeland, Upper Merion Township, Montgomery County, Pa., and was operating a Dodge

sedan, owned by Joseph Konita . . . going to a fire to which the members of the Swedeland Volunteer Fire Company No. 1 had been summoned."

The complaint does not allege that the operator, John Kontra, was employed by the township, that he was engaged in the course of such employment; that he was the agent of the fire company or township, or that the automoobile was used by or belonged to such volunteer fire company.

Therefore, the question involved is whether a township or volunteer fire company can be jointly and severally liable, with a member of a volunteer fire company, whose negligent operation of a privately owned motor vehicle caused injury, when said member was going to a fire in response to a general alarm, under the allegations of this complaint.

As to the fire company, plaintiffs contend that John Kontra was its agent, that he was acting in furtherance of his principal's "business", and therefore (assuming Kontra's negligence) the company may be held liable under the doctrine of respondeat superior. This whole argument is based on the allegations that John was a member of the company, and that at the time of the accident was "going to a fire to which the members of the . . . company had been summoned". Counsel for plaintiffs has with considerable elaboration urged that the chief factor in determining the existence of the master and servant or principal and agent relationship is the degree of control the master or principal may or has the right to assert over his servant or agent. As an abstract principle, this is undoubtedly true. But we fail to see how the company had any right of control over Kontra or the privately owned vehicle which he was operating while he was proceeding to the scene of the fire. All the illustrations cited to show the control over Kontra by the fire company relate to his conduct at the scene of the fire or in the use of fire-fighting equipment. None of these

illustrations is applicable to a member when merely "going to a fire" in a private vehicle. The company had no right to control the vehicle he chose, the route he selected, or the speed at which he elected to drive. Indeed it is to be doubted whether it could have compelled his attendance at the fire. So long as Kontra was operating privately owned equipment, the company had no more control over him or the vehicle than if he were riding in a taxicab or bus. Therefore, no liability can attach to the company, and its objection must be sustained.

If plaintiffs' contention is correct, any volunteer fireman, upon hearing a fire alarm, could borrow or use any motor vehicle handy at the time, regardless of its mechanical condition, could use any route to go to the fire he chose, and drive as fast as he chose, and anyone injured by his negligence could recover from the fire company. Such liability is not in accord with the law of agency or common sense.

As to the township, plaintiffs contend that it is jointly and severally liable with John Kontra (assuming his negligence to have caused the damages) by virtue of the provisions of The Vehicle Code of May 1, 1929, P. L. 905, sec. 619, as amended, 75 PS §212, the portion of which here relied on reads as follows:

". . . and every . . . township shall also be jointly and severally liable with any member of a volunteer fire company, of any such . . . township, for any damage caused by the negligence of such member while operating a motor vehicle or fire department equipment used by or belonging to such volunteer fire company while going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle or fire department equipment for such volunteer fire company."

Therefore, the narrow question for decision is whether the car operated by Kontra was "a motor vehicle or fire department equipment used by or belong-

ing to such volunteer fire company while going to . . . a fire", for there is no question of liability under the first portion of the quoted section, which applies to municipal employes.

The reported cases are few and of little or no help in this situation, as none is factually similar. Counsel for plaintiffs argue that the vehicle was "used by" the company as it received the benefit of its operation, and expected to receive the benefit of the operator's assistance, at the fire. It is also argued that the car was "used by" the company, because as a member of the company, Kontra was subject to all its rules and regulations, and the right of the officials to give orders to Kontra extended to and included the right (even though not actually exercised in this instance) to control his operation of the car.

However, that theory is unsound, for we cannot agree that the company had any control over Kontra's use of the automobile. That right rested solely in the owner, Joseph Kontra, and the fire company had no more right to regulate its mode of operation than to compel its use in the first place. We cannot believe the legislature ever intended to create vicarious liability upon a township or other municipality in a situation like this, but only when the vehicle is one belonging to or customarily or regularly used for its own purpose by a fire company.

For these reasons the objections of the township must be sustained.

And now, March 23, 1948, for the reasons given in the foregoing opinion, it is ordered, adjudged and decreed as follows:

1. As to the four objections filed by John Kontra, the first, third and fourth are sustained, the matters complained of to be corrected in an amended complaint. The third objection is dismissed.

2. As to the four objections filed by Joseph Kontra, the first, third and fourth are sustained. By reason

of sustaining his first objection, judgment is directed to be entered in favor of defendant, Joseph Kontra, and he is eliminated from the proceedings as a party defendant.

3. As to the four objections filed by Swedeland Volunteer Fire Company No. 1, the first, second and fourth are sustained. The sustaining of the second objection requires that judgment be directed to be entered in favor of the said fire company, and it is eliminated as a party defendant.

4. As to the two objections filed by the Township of Upper Merion, both are sustained, and judgment is directed to be entered in favor of said township, and it is eliminated as a party defendant.

Plaintiffs are allowed 15 days within which to file an amended complaint.